Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| BOSCO IX OVERSEAS, LLC, BY FRANKLIN CREDIT MANAGEMENT CORPORATION, AS SERVICER<br><br>Demandante Recurrido<br><br>v.<br><br>HERNÁN ANTONIO LÓPEZ LÓPEZ, TAMBIÉN CONOCIDO COMO HERNÁN LÓPEZ LÓPEZ, Y JEANNETTE LÓPEZ MERCADO TAMBIÉN CONOCIDA COMO FÁTIMA JEANNETTE LÓPEZ MERCADO<br><br>Demandado Recurrido<br><br>FIRSTBANK DE PUERTO RICO<br><br>Parte Peticionaria | TA2025CE00550 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Hatillo<br><br>Caso Núm.: QU2024CV00066<br><br>Sala: 101 Civil<br><br>Sobre: Cobro de Dinero – Ordinario, Ejecución de Hipoteca Propiedad Residencial |

Panel integrado por su presidente, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

### S E N T E N C I A

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Comparece ante *nos* FirstBank de Puerto Rico (FirstBank o peticionario) y nos solicita que revisemos una *Resolución* emitida el 2 de septiembre de 2025 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Hatillo (TPI o foro primario). Mediante dicho dictamen, el TPI declaró *Ha Lugar* la solicitud de reconsideración presentada por Bosco IX Overseas, LLC By Franklin Credit Management Corporation as Servicer (Bosco IX Overseas, LCC o recurrido), dejando sin efecto la *Sentencia* dictada el 8 de agosto de 2025.

Por los fundamentos que expondremos a continuación, se *expide* el recurso de *certiorari* y se *confirma* el dictamen recurrido.

I.

El presente caso tiene su origen el 17 de mayo de 2024, fecha en que Bosco IX Overseas, LCC presentó una *Demanda* de cobro de dinero y ejecución de hipoteca en contra del Sr. Hernán López López y la Sra. Jeannette López Mercado. En síntesis, Bosco IX Overseas alegó que la parte recurrida constituyó y emitió un Pagaré Hipotecario por la suma principal de $36,000.00 a la orden de RG Premier Bank of Puerto Rico, con fecha del 24 de enero de 2005. Adujo que dicho pagaré está vencido desde el 1 de febrero de 2020. Sostuvo que Bosco IX Overseas, LLC es el tenedor del pagaré y el acreedor hipotecario con derecho a exigir el cumplimiento del instrumento. Expuso que la hipoteca contenida en la escritura número dieciocho (18) está inscrita en el Registro de la Propiedad, Sección II de Arecibo, al folio 225 del tomo 235 de Quebradillas, inscripción 7ma, finca #9,861 y la misma no ha sido cancelada, ni está pendiente de cancelación. Adujo que la deuda ascendía a $20,823.10 de principal al 1 de noviembre de 2021, con intereses al 6.875%, y $4,966.29 por concepto de "deferred interest", y tres sumas equivalentes a $3,600.00 por concepto de costas, gastos y honorarios de abogado.

El 20 de mayo de 2024 se expidieron los emplazamientos correspondientes. Luego de varios trámites procesales, el 1 de julio de 2024 Bosco IX Overseas, LLC presentó una *Moción Solicitando Emplazamiento por Edicto*. En esta, informó al TPI que se realizaron las gestiones pertinentes para emplazar al señor Hernán Antonio López López t/c/c Hernán López López y a la señora Jeannette López Mercado t/c/c Fátima Jeannette López Mercado en la última dirección conocida en Puerto Rico, sin resultado alguno de dichas

gestiones. Así las cosas, el 16 de julio de 2024 el TPI autorizó el emplazamiento mediante edicto.

Posteriormente, el 29 de agosto de 2024, Bosco IX Overseas, LLC presentó una *Solicitud de Anotación de Rebeldía y se dicte Sentencia.* Alegó que la parte Recurrida fue debidamente emplazada mediante edicto, sin embargo, no había comparecido al proceso.

El 14 de noviembre de 2024 Bosco IX Overseas, LCC presentó una *Reiterada Solicitud de Anotación de Rebeldía y se dicte Sentencia.* Más adelante, el 24 de diciembre de 2024, Bosco IX Overseas, LCC instó una *Urgente y Reiterada Solicitud de Anotación de Rebeldía y se dicte Sentencia.*

El 21 de enero de 2025 el TPI dictó *Sentencia.* En particular, ordenó la venta en pública subasta del inmueble hipotecado para garantizar el pago de dicha deuda.

Por su parte, el 28 de febrero de 2025, Bosco IX Overseas, LCC presentó una *Moción Solicitando Ejecución de Sentencia.* Solicitó que el foro *a quo* expidiera mandamiento dirigido al alguacil, para que proceda a la ejecución de la *Sentencia* dictada en el caso. Así pues, el 22 de abril de 2025 el TPI ordenó la ejecución de la *Sentencia* dictada el 21 de enero de 2025, y expidió el mandamiento correspondiente.

En reacción, el 21 de julio de 2025 FirstBank presentó una *Moción de Relevo de Sentencia.* Entre otros planteamientos, alegó que para la fecha en que se presentó la demanda de epígrafe la señora López-Mercado había fallecido, y su Sucesión había sido debidamente adjudicada por el tribunal. Explicó que según consta en la *Resolución sobre Declaratoria de Herederos* del 11 de enero de 2024, dictada bajo el caso civil QU2023CV00129, la señora López-Mercado falleció el 21 de agosto de 2022, y se declararon sus únicos herederos los señores Gabriel Adrián López López y Joel Hernán López López. Indicó que, a pesar de lo anterior, Bosco IX Overseas,

LLC no incluyó a los herederos de la señora López-Mercado[1] como partes en el pleito. Por tanto, planteó que dicha omisión vicia de nulidad la *Sentencia* dictada ya que estos son partes indispensables en el caso de autos. Explicó que el 11 de octubre de 2024 FirstBank presentó, en esa misma sala, una demanda de cobro de dinero y ejecución de hipoteca relacionada con la misma propiedad objeto del presente litigio (Caso Civil AR2024CV01982). Señaló que en dicho caso se dictó *Sentencia* el 7 de julio de 2025, por lo que solicitó al TPI que tomara conocimiento judicial de los hechos adjudicativos contenidos en el mismo.

A su vez, adujo que tanto la hipoteca de FirstBank como la hipoteca objeto del presente pleito fueron constituidas para garantizar el mismo préstamo hipotecario. Enfatizó que la hipoteca de FirstBank se constituyó mediante Escritura de Primera Hipoteca y fue presentada en el Registro de la Propiedad con anterioridad a la Escritura de Segunda Hipoteca objeto de este litigio. Aseveró que por error del Registrador la Escritura de Primera Hipoteca se inscribió con un rango posterior a la de Segunda Hipoteca. Por consiguiente, alegó que este error afectó la prioridad hipotecaria de FirstBank, a pesar de que en derecho le correspondía un rango preferente por haber sido presentada primero. Finalmente, sostuvo que procedía dejar sin efecto la *Sentencia* dictada en el caso autos, por ausencia de partes indispensables y porque la inscripción errónea de las hipotecas alteró el orden de prelación entre los acreedores garantizados por la misma obligación.

El 8 de agosto de 2025, notificada el 11 del mismo mes y año, el TPI emitió una *Resolución* mediante la cual declaró la nulidad de la *Sentencia* dictada el 21 de enero de 2025. En igual fecha,[1] dicho

---

[1] Notificada el 11 de agosto de 2025.

foro dictó *Sentencia* desestimando sin perjuicio la acción en el caso de epígrafe por ausencia de parte indispensable.

El 18 de agosto de 2025 Bosco IX Overseas, LLC presentó una *Moción de Reconsideración*. Alegó, entre otros asuntos, que procedía ordenar la sustitución de la parte demandada por los miembros de su sucesión y continuar los procesos. Por otro lado, el 27 de agosto de 2025 FirstBank presentó una *Oposición a la "Moción de Reconsideración y Solicitud de Partes" y Otros Extremos*. En esta, argumentó que, la señora López Mercado había fallecido antes de que se presentara la demanda, por lo que nunca adquirió la condición de parte. Adujo que es jurídicamente imposible que se configure lo dispuesto en la Regla 22.1 de Procedimiento Civil dado que solo puede haber "parte" en un litigio una vez ha comenzado el pleito. En respuesta, el 3 de septiembre de 2025 Bosco IX Overseas, LCC presentó una *Réplica a Oposición*.

En virtud de ello, el 2 de septiembre de 2025 el TPI emitió una *Resolución* en la que decretó *Ha Lugar* a la solicitud de reconsideración presentada por Bosco IX Overseas, LLC. En particular, el foro recurrido dejó sin efecto la *Sentencia* dictada el 8 de agosto de 2025 mediante la cual había desestimado sin perjuicio la acción en el presente caso. En consecuencia, ordenó la apertura y continuación de los procedimientos. A su vez, declaró *No Ha Lugar* a la solicitud de sustitución de la señora Jeannette López Mercado por su sucesión al amparo de la Regla 22.1 de Procedimiento Civil.

Inconforme con la determinación del foro primario, FirstBank presentó el recurso que nos ocupa, mediante el cual le imputó la comisión del siguiente error:

> Erró el TPI al dejar sin efecto una sentencia que había anulado una previa, mediante el mecanismo de relevo de sentencia, por no acumular partes indispensables.

El 20 de octubre de 2025, Bosco IX Overseas presentó su *Oposición a Certiorari*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y

> por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

### B. Sustitución de parte

La Regla 22.1 de Procedimiento Civil (32 LPRA Ap. V) establece que:

(a) Si una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia para desestimar el pleito.

(b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a otras partes dentro del término de treinta (30) días, contados desde la fecha cuando se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los y las causabientes o representantes podrán presentar la solicitud de sustitución del finado o de la finada, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia para desestimar el pleito sin perjuicio.

(c) De fallecer una o más partes demandantes, o uno o más partes demandadas, que fueron partes en un pleito en que el derecho reclamado subsista solo a favor de las demandantes o contra las partes demandadas que sobrevivan, el pleito no finalizará. Se notificará al tribunal el hecho de la muerte y el pleito continuará a favor o contra las partes sobrevivientes.

Según ha establecido nuestro máximo Foro, el propósito de la Regla 22.1 de Procedimiento Civil, *supra*, es establecer un mecanismo procesal mediante el cual, cuando una parte fallece y la acción no queda por ello extinguida, el pleito pueda continuar a favor o en contra de la parte realmente interesada. *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664, 684-685 (1989). Así pues, se atiende el interés público de que los asuntos en los tribunales se solucionen de forma expedita, evitando el perjuicio que la dilación pueda causar a las partes. *Íd.* Conforme a la precitada norma reglamentaria la sustitución de partes no es discrecional y procede siempre que con relación a la solicitud de sustitución se haya cumplido con el trámite procesal provisto en la regla. *Íd.*

## C. La parte indispensable

La Regla 16.1 de Procedimiento Civil (32 LPRA Ap. V) dispone lo atinente a la acumulación de una parte indispensable. En específico, la citada regla establece que: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada".

Cónsono con lo anterior, una *parte indispensable* se ha definido como "[a]quella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción <u>sin lesionar y afectar radicalmente su interés</u>, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia". (Énfasis y subrayado nuestro). *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 46 (2014).

El interés de la parte en el litigio debe ser de "[t]al orden que impida la confección de un derecho adecuado sin afectarle o

destruirle radicalmente sus derechos". *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007); *Cirino González v. Adm. Corrección et al.*, supra. Asimismo, el interés debe ser real e inmediato, y no cimentado en especulaciones ni en eventos futuros. *Pérez Rosa v. Morales Rosado*, supra. "La indispensabilidad de una parte deviene del mandato constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley". (Énfasis y subrayado nuestro). R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis de Puerto Rico, 2017, sec. 1202, pág. 165.

En esencia, la precitada *Regla*, supra, pretende: (i) proteger las personas ausentes de los posibles efectos perjudiciales que pueda ocasionarles la resolución del caso; (ii) emitir una determinación completa; y (iii) evitar la multiplicidad de pleitos. *Cirino González v. Adm. Corrección et al.*, supra; *Aponte v. Román*, 145 DPR 477, 484 (1998).

Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, al tenor de las particularidades de cada caso. *García Colón et al. v. Sucn. González*, 178 DPR 527, 549 (2010). En ese sentido, el tribunal deberá evaluar los intereses involucrados y distinguir entre los diversos géneros de casos. *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 434 (2003). Ello "exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad". *Íd*, citando a *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001). A su vez, deberá examinar si el tribunal "podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". (Subrayado nuestro). *Pérez Rosa v. Morales Rosado*, supra; J. A. Echevarría

Vargas, *Procedimiento Civil Puertorriqueño*, 1era ed. rev., 2012, págs. 139-141.

Dado a la importancia de una parte indispensable, el hecho de no acumularla podría conllevar la desestimación del pleito. *Cirino González v. Adm. Corrección et al.*, supra. Ahora bien, no significa que se desestimará la causa de acción automáticamente. Ante esa circunstancia, el tribunal puede brindarle la oportunidad a una parte de traer a la parte omitida, siempre que pueda asumir jurisdicción sobre ésta. *Íd.*

En fin, lo verdaderamente trascendental es que la ausencia de una parte indispensable priva de jurisdicción al tribunal. *García Colón et al. v. Sucn. González*, supra, pág. 550. Como corolario, "la sentencia que se emita en ausencia de parte indispensable es nula". *Íd; Unysis P.R., Inc. v. Ramallo Brother Printing, Inc.*, 128 DPR 842, 859 (1991).

## III.

En el presente caso, FirstBank nos solicitó que revisemos la *Resolución* del TPI mediante la cual se declaró *Ha Lugar* la solicitud de reconsideración instada por Bosco IX Overseas, LLC. En esencia, FirstBank señaló como único error que el foro primario incidió al dejar sin efecto la *Sentencia* del 8 de agosto de 2025 mediante la cual se desestimó la acción de autos sin perjuicio por ausencia de parte indispensable. No le asiste la razón. Veamos.

Como relacionamos previamente, el 17 de mayo de 2024 Bosco IX Overseas, LCC presentó una *Demanda* de cobro de dinero y ejecución de hipoteca en contra del señor Hernán López López y la señora Jeannette López Mercado. Luego de varios trámites procesales, el 21 de enero de 2025 el TPI dictó *Sentencia* en rebeldía. Ahora bien, debido a que la señora López Mercado había fallecido antes de incoarse la demanda de epígrafe, y siendo su Sucesión parte indispensable en el pleito, el TPI declaró la nulidad de la

*Sentencia* dictada el 21 de enero de 2025 y desestimó la acción sin perjuicio.

No obstante, el 2 de septiembre de 2025, notificada el día siguiente, el TPI dejó sin efecto la *Sentencia* mediante la cual desestimó la acción, y en su lugar, ordenó la apertura y continuación de los procedimientos. Por tal motivo, el 19 de septiembre de 2025 se procedió a enmendar la *Demanda* y, posteriormente, se emitieron los emplazamientos correspondientes al señor Hernán López López, al señor Gabriel Adrián López López, como miembro de la Sucesión de la Sra. Fátima Jeannette López Mercado, y al señor Joel Hernán López López, como miembro de la aludida Sucesión, así como a otros herederos desconocidos de la misma.

A tenor con lo anterior, es norma reiterada que la Regla 16.1 de Procedimiento Civil, *supra*, dispone que la acumulación indispensable de partes procede cuando existen personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia. 32 LPRA APP. V, R. 16.1. Es menester resaltar que la precitada norma se fundamenta en un análisis pragmático de los intereses implicados, y que su "objetivo es, simplemente, evitar la multiplicidad de pleitos y los efectos perjudiciales que una sentencia adversa pudiera tener sobre la parte excluida en el caso". *Cirino González v. Adm. Corrección et al.*, supra, pág. 46. En consecuencia, la desestimación de la causa de acción no se hará de manera automática. Nótese que, si bien el no incluir a una parte indispensable es motivo para desestimar, el tribunal puede conceder la oportunidad de traer al pleito a la parte originalmente omitida siempre que pueda asumir jurisdicción sobre ésta. *Íd.*

Por tanto, en aras de garantizar una solución justa, rápida y económica del litigio, actuó correctamente el foro primario al permitir la enmienda a la demanda para traer al pleito a los

integrantes de la Sucesión de la señora Fátima López Mercado. Así pues, resulta improcedente la desestimación de la acción en cuestión.

IV.

Por los fundamentos antes expuestos, los cuales hacemos formar parte integral de la presente Sentencia, *expedimos* el recurso de *certiorari* y *confirmamos* la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón disiente sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones